UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Amelia Anne Greene-Major, | ) | C/A No. 3:10-1459-MBS-JRM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | for dismissal of the nine |
| | ) | individual defendants |
| Commissioner of Social Security Administration; Mrs. Margaret Howle; Mrs. L. Williams; Mrs. L. Jenkins; Mrs. Ashley; Mrs. Barbara Moore; Mrs. Quientie or Quienthe Wilson; Mr. Jay Campbell; Mr. Hartwell; Mr. Gaillard, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Introduction

Amelia Anne Greene-Major ("Plaintiff"), proceeding *pro se*, brings this civil action which is an appeal from a denial of social security benefits.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. She requests that her social security benefits be reinstated, money damages, and other relief. The complaint should be dismissed against the nine named individual defendants for failure to state a claim on which relief may be granted or lack of subject matter jurisdiction.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, a portion of the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him,

2

*Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

Plaintiff filed this action based upon the Commissioner's decision in 1997 to halt payment of her SSI benefits which had been previously granted by the Commissioner. Plaintiff alleges that the Commissioner incorrectly believed certain factual circumstances -- that Plaintiff had inherited a portion of property known as 515 King Street, Mt. Pleasant, South Carolina, which had belonged to her deceased grandparents and then to her mother -- and based upon that information wrongfully decided to terminate her SSI benefits. Plaintiff attached exhibits to her complaint to demonstrate that she did not inherit property from her mother. Plaintiff alleges that her mother deeded her portion of the property known as 515 King Street, Mt. Pleasant, South Carolina, to Plaintiff's stepbother, Mr. John Glencamp, Jr. Plaintiff alleges that she has been trying to clear up this matter with the Commissioner for many years but the matter is still not resolved. Plaintiff alleges that currently she is homeless and that her credit is ruined due to the defendants' conduct. Plaintiff named the Commissioner of Social Security Administration as a defendant and nine individual defendants who allegedly were employed by the Commissioner and who were presumably involved with the decision to terminate Plaintiff's SSI benefits. Plaintiff had filed a previous lawsuit about this same matter

against the Commissioner and nine individual defendants on December 3, 1999.² *See Major v. Social Sec. Admin.*, C/A No. 3:99-3989-MBS-JRM (D.S.C.) (Docket Entry # 12). On February 9, 2001, the Honorable United States District Judge Margaret B. Seymour dismissed the case "without prejudice to allow Plaintiff to exhaust her administrative remedies." *Id.* at Docket Entry # 14.

In the action *sub judice*, Plaintiff improperly named nine individual defendants who were, or are, presumably employed with the Commissioner and who were involved with the decision to terminate Plaintiff's SSI benefits. Congress provided that an individual who is not satisfied with a Commissioner's final decision related to a request for benefits may file an action against the Commissioner in the United States District Court to appeal the Commissioner's decision, but the officers or employees of the Social Security Administration may not be sued under § 1331 or § 1346. *See* 42 U.S.C. § 405(h). In other words, the Social Security Act precludes an action for money damages against officials responsible for the denial of benefits. *See Cunningham v. Social Sec. Admin.*, No. 08-5105, 311 Fed. Appx. 90 (10th Cir. Jan. 27, 2009) (holding that no action can be brought against an employee of the Commissioner of the Social Security Administration to recover on a claim related to a denial of benefits). Also, Title 42 U.S.C. § 405(h) prohibits Plaintiff from seeking damages against the United States, the Commissioner, or any officer or employee thereof, for alleged personal injuries or loss of property, such as for claims of fraud, indemnification, intentional infliction of harm, defamation of character, libel and slander. *Id.* Therefore, Plaintiff's claims against the nine individual defendants which relate to the decision to deny Plaintiff's SSI benefits cannot be brought pursuant to the Federal Tort Claims Act or based upon federal question

---

² In the 1999 action, this court authorized service of process against only the Commissioner of the Social Security Administration and the United States even though Plaintiff had named nine individual defendants who appear to be the same defendants as are named in this action.

4

subject matter jurisdiction, and this Court should dismiss the nine individual defendants from this action.[3] *Cf. Hall v. Chater*, 52 F.3d 518, 520 (4th Cir. 1995) (noting that 405(h) limits judicial review to the powers set forth in 405(g)); *Total Care, Inc. v. Sullivan*, No. 91-1514, 1991 WL 277310 (4th Cir. Dec. 31, 1991) (noting that 405(h) bars federal question jurisdiction over suits for recovery of social security benefits).

Recommendation

It is recommended that the District Court dismiss the defendants Mrs. Margaret Howle, Mrs. L. Williams, Mrs. L. Jenkins, Mrs. Ashley, Mrs. Barbara Moore, Mrs. Quientie or Quienthe Wilson, Mr. Jay Campbell, Mr. Hartwell, and Mr. Gaillard *without prejudice* and without issuance and service of process for failure to state a claim or lack of subject matter jurisdiction. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

June 17, 2010
Columbia, South Carolina

---

[3] In an Order entered contemporaneously with this Report and Recommendation, service of process of Plaintiff's complaint is authorized upon the Commissioner.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).